UNITED STATES FEDERAL COURT
FOR THE FIRST CIRCUIT
EASTERN MASSACHUSETTS DIVISION

| | |
|---|---|
| ENGIDASHET W. GEBRE,<br>Plaintiff,<br><br>vs.<br><br>CONDOLEEZZA RICE,<br>as Secretary of State,<br>and<br>DEPARTMENT OF STATE<br>Defendants. | 05 11321 MLW<br><br>MAGISTRATE JUDGE _____<br>CIVIL ACTION FILE NO.<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED ___<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. ___<br>DATE ___ |

**COMPLAINT FOR A WRIT OF MANDAMUS**

To the Honorable Judge of Said Court:

**INTRODUCTION:**

This action is brought by Plaintiff, Mr. Gebre, to compel Defendants, Department of State, and Secretary of State, Condoleeza Rice to adjudicate an Immigrant Visa application filed on his wife' behalf. This application has been on file with the United States Consulate in Addis Ababa, Ethiopia since August 13, 2002, and Defendants have refused to complete the case. Defendants have no legitimate explanation for this delay.

**PARTIES:**

1. Plaintiff, Mr. ENGIDASHET W. GEBRE, is a citizen of Ethiopia, lawfully admitted for Lawful Permanent Residence in Oct. 2002. He resides in Randolph, Massachusetts.

2. Defendant, CONDOLEEZZA RICE, is Secretary of State, and the head of the United Stated Department of State ("DOS"), who is charged by law with the obligation of adjudicating applications by prospective immigrants through the U.S. embassies.

3. Defendant, DEPARTMENT OF STATE, is the Executive Branch of the United States government.

**JURISDICTION:**

4. This is a civil action brought pursuant to 28 USC secs. 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Mr. Gebre, by which

jurisdiction is conferred, to compel Defendants and those working under them to perform duties they owe to Mr. Gebre.

5. Jurisdiction is also conferred by 5 USC sec. 704. Mr. Gebre is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC secs. 702 *et seq.*

6. The aid of the Court is invoked under 28 USC secs. 2201 and 2202, authorizing a declaratory judgment.

7. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq.*

**STANDING:**

8. Mr. Gebre has standing because he is the party directly affected by the actions of Defendants.

**VENUE:**

9. Venue is proper in Boston, Massachusetts, since Mr. Gebre resides in Randolph, Massachusetts.

**REMEDY SOUGHT:**

10. Mr. Gebre seeks to have the Court compel Defendants, to adjudicate his wife's Immigrant Application under DV-Lottery 2002, which he filed for his wife with Defendants on August 13, 2002.

**CAUSE OF ACTION:**

11. Mr. Gebre won the DV-Lottery 2002 (2002AF00026799) and on August 13, 2002, Mr. Gebre and his wife, Tiringo T. Tegebelu appeared at the U.S. Consulate in Ethiopia (Addis Ababa). At the time of filing, as the wife of a DV lottery recipient, Mrs. Tegebelu was eligible to apply and receive an immigrant visa. They both paid their application fees. A copy of the pertinent document is hereby attached as **Exhibit A**. Although apparently, both applications were processed on the same day, only Mr. Gebre was granted and issued an immigrant visa. Mrs. Tegebelu was told that she could join her husband "in six months." Over two years later, Mrs. Tegebelu has still been unable to receive a visa. Mr. Gebre has been trying to have his wife join him since his entry into the U.S. on October 7, 2002. Mrs. Tegebelu has appeared at the U.S. Embassy on numerous occasions, but has not been provided with any satisfactory answers.

12. Although Defendants have impliedly acknowledged that the visa application was properly filed and pending with their office, and although they have been requested

on numerous occasions to proceed with the case and complete it, they have continuously failed and refused to do so. Upon repeated inquiries, written, verbal, and in-person, Defendants' office states that the application can no longer be processed because it should have been processed during the fiscal year of 2002.

13. Mr. Gebre's counsel was informed on March 27, 2004 by Defendants' employee, Deputy Consul Patti Gregory of the U.S. Consulate in Addis Ababa that the time for Mr. Gebre's wife's application had passed because she was a beneficiary of a diversity visa under Immigration and Nationality Act ("INA") 204(a)(1)(G)(i)(11). Therefore, Defendants argued, she had until September 30, 2002 to apply and receive a visa. However, Mrs. Tegebelu did indeed apply during the permissible time (she applied on August 13, 2002, while the deadline was September 30, 2002), and had paid her fees. Therefore, the Embassy has unreasonably failed to issue her a visa during the allowed period. A copy of the pertinent document is hereby attached as **Exhibit B**.

14. Mr. Gebre also sought and obtained an Advisory Opinion from Mr. Jeffrey Gorsky, Chief of the Defendants' DOS's Advisory Opinion Division. In the Opinion, Mr. Gorsky reiterated the Defendants' position that Mr. Gebre's wife had no remedy because she should have been processed during the year of 2002. However, as stated herein, Mrs. Tegebelu did indeed apply during the permissible time (she applied on August 13, 2002, while the deadline was September 30, 2002), and had paid her fees. Therefore, the Embassy has failed to process her visa application during the allowed period. A copy of the pertinent document is hereby attached as **Exhibit C**.

15. There is no statute or regulation that requires the DOS to deny Mr. Gebre's wife's application, if filed during the permissible period. The only reason the DOS can then give for denying the application is that of "discretion." However, denying the Application on this ground alone, without any other support, is an abuse of the DOS's discretion, which must be overturned by this Court.

16. Mr. Gebre asserts that he has suffered immense hardship due to Defendants' actions.

17. Mr. Gebre has no administrative remedies. There are no administrative remedies provided for neglect of duty.

18. Furthermore, Defendants, by failing to adjudicate the application, are denying Mr. Gebre the right to have the denial reviewed by this court.

19. If the Court does not order Defendants to make a decision on this case today or it finds that Defendants have not abused their discretion in failing to process the immigrant visa application of Ms. Tegebelu under 8 USC §1153, et. seq., INA §203(c) et. seq., then Mr. Gebre will suffer irreparable harm. The Court and the DOS will have eliminated the last opportunity for Ms. Tegebelu to come to the United States and join her husband.

20. Mandamus is appropriate because there is no other remedy at law. Mr. Gebre seeks to compel a decision to be made, in terms of both mandamus and in terms of the

3

Administrative Procedures Act for administrative action wrongfully withheld.

**PRAYER:**

Wherefore, Mr. Gebre prays that the Court compel Defendants CONDOLEEZZA RICE and DOS to perform their duty by ruling upon Mr. Gebre's wife's Immigrant Visa application, grant such other relief as may be proper under the circumstances, and grant attorneys fees and costs of court. Mr. Gebre further prays that if the decision is adverse to him or his wife, that the decision include justification, an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the Defendants' inefficiency to other senior officers of DOS.

Dated: June 20, 2005

Respectfully submitted,
Attorney for Plaintiff,

_____
Benjamin B. Tariri, Esq.
BBO # 652042
343 Washington St.
Newton, MA 02458
Tel: (617) 965-1090
Fax: (617) 965-5020

EXHIBIT "A"

U.S. EMBASSY ADDIS ABABA
ADDIS ABABA
15-AUG-2002  10:10          CASHIER: HAH
1 LOCAL = 0.111111 US DOLLAR
1 US DOLLAR = 9.00 LOCAL
                              RECEIPT # 02016814
LAST NAME: WOLDE
FIRST NAME: ENGDASHET
Qty Ser   Ctry Visa   Local Amt.  US Amt.
 2  31                 4030.00    270.00
    IV APPLICATION
 2  30                 1790.00    200.00
    DV PROCESSING
         BALANCE:                 270.00

EXHIBIT "B"



Licensed to Go Daddy Software

ABOUT     HELP

legal@youar



**MAIN FOLDERS**

INBOX
Bulk Mail
Drafts
Send_Later
Sent_Items
Trash  [purge]

**PERSONAL FOLDERS**

Barsoumian
IMMIGRATION
Khalili
Meininger
OFFICEINFO
Resume

New Folder:

CREATE

**CURRENT STATUS**
Avail:  150 MB
Used:   6 %
Free:   94 %
[REFRESH QUOTA]

**REMOTE EMAIL**
- Fetch All
- Setup

Current Folder: Inbox

REPLY TO | REPLY TO ALL | FORWARD | DELETE

Move to folder...  GO

Subject: Gebre, Engidashet, A55-061-978
From: "Consular Addis Ababa" <Consaddis@state.gov>
Date: Mon, May 10, 2004 11:37 pm
To: "'legal@youandlaw.com'" <legal@youandlaw.com>



Apply This Action...

Previous

Dear Mr. Tahriri

I've just received your fax. Please be advised that your client's wife is not eligible for follow-to-join status. Here are the relevant regulations:

9 FAM 42.33 N5.2-1  General
(TL:VISA-374;  03-20-2002)

Under INA 204(a)(1)(G)(ii)(II), persons registered as diversity immigrants are entitled to apply for visa issuance only during the fiscal year for which the application was submitted. The petition is valid until Midnight of the last day of the fiscal year for which the petition was submitted. There is no carry-over of benefit into another year for persons who do not receive a visa during the fiscal year for which they registered. Following-to-join derivative visas must be issued during the same fiscal year as that of the principal beneficiary.

I suggest you advise your client to file an I-130 for his spouse.

Patti Gregory
Deputy Consular Chief
US Embassy
Addis Ababa, Ethiopia

Copyright © 2003-2004 Starfield Technologies, Inc. All rights reserved.

**EXHIBIT "C"**



**REPLY TO** | **REPLY TO ALL** | **FORWARD** | **DELETE**

Move to folder... **MOVE**

Subject: **FW: Mr. Gorsky: Request for Advisory Opinion**
From: **"Legal, Net" <LEGALNET@state.gov>**
Date: **Mon, May 16, 2005 2:58 pm**
To: **"'legal@youandlaw.com'" <legal@youandlaw.com>**

Apply This Action... **GO**

Previous  Next

Thank you for your request for an advisory opinion on the case of Mrs. Tringo Tegebelu. According to our case notes, Ms. Tegebelu's was denied under INA section 212(a)(5)(A) because she was not included on the original DV entry. There is no longer any possibility that an immigrant visa can be issued to Ms. Tegeybelu based on the results of the 2002 Diversity Lottery. By law, all processing of entries and issuance of diversity visas to successful applicants of the 2002 lottery ended on midnight on September 30, 2002. Unfortunately, there is no mechanism to give Ms. immigrant status now from the DV-2002. Mr. Gebre may wish to file a family second (F2A) preference immigrant visa on behalf of his wife, if he has not done so already. We understand that your clients have been separated for some time, and regret that we could not give you a more positive response, but hope that this information is helpful to you and your clients.

LMH

Legalnet

Visa Office

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____Gebru v. Rice_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

   *Stamp: 05 1132 1 MLW WGY*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Benjamin D. Tarun
ADDRESS  343 Washington St, Newton, MA 0458
TELEPHONE NO.  (617) 965-1010

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Engidashet W. Gebre

**(b)** County of Residence of First Listed Plaintiff   NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BENJAMIN B. TARIRI, 343 WASHINGTON ST., NEWTON, MA 02458; Tel: (617) 965-1090; Fax: (617) 965-5020

## DEFENDANTS
Condoleeza Rice, U.S. Secretary of State, and U.S. Department of State

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 USC Sec. 1153, and Immigration and Natbility Act, Section 203 (c)

Brief description of cause:
Plaintiff has been aggreived because Defendants refused to issue his wife an Immigrant visa in order to

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE  June 20, 05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____